IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRYL HASLETT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 16−cv−1301−SMY |
| | ) |
| **C/O SMITH,** | ) |
| **C/O SCHURTS,** | ) |
| **SCRO,** | ) |
| **JOHN DOE 1,** | ) |
| **and JOHN DOE 2,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Darryl Haslett, an inmate in Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. According to the Complaint, defendants subjected Plaintiff to excessive force and inhumane conditions of confinement in violation of the Eighth Amendment of the United States Constitution while he was incarcerated at Pinckneyville Correctional Center. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the § 1915A review stage.

### **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on June 24, 2016, Smith told Plaintiff to pack his property so he could move cells. (Doc. 1, p. 4). Because Plaintiff was washing up at the time, he rinsed off and immediately began packing. *Id.* Within a few minutes, Smith returned and demanded that Plaintiff hurry, to which Plaintiff responded that he would need 3 to 5 minutes to finish packing his property. *Id.* Smith left but returned seconds later with Scro, Schurts, John Doe 1 (lieutenant) and John Doe 2 (C/O). (Doc. 1, p. 5). Scro ordered Plaintiff to "cuff up," and when he complied, Schurts "yanked hard pulling [Plaintiff's] arms through the chuck-hole of the cell door, causing [him] to experience extreme pain" in his arms and elbow. *Id.* Plaintiff was then "yanked out of the cell" by Scro, Smith and John Doe 2 and punched several times in his rib cage while his head was being forced to the floor by Smith, Scro, Schurts and John Doe 2. *Id.* Plaintiff was punched in the back of the head multiple times

by one of the defendants, and when he fell to the ground, was kicked and dragged through wing. *Id.* While being dragged to the core area, Plaintiff's head was "rammed into open doors." *Id.* Scro and John Doe 1 then dragged Plaintiff to another wing while Smith and Schurts followed behind, shouting racially charged profanities at him. *Id.*

Plaintiff requested to see medical once he was thrown into his new cell by the defendants because he had "an excruciating headache [and] severe pain in [his] arms and rib cage, which felt to [him] to be broken." (Doc. 1, p. 5). Smith refused the request and John Doe 1 threatened to give Plaintiff something to complain about instead. *Id.* Later that night, officials directed the nurse to ignore Plaintiff when he tried to stop her for medical assistance. *Id.* Plaintiff put in multiple sick call slips and was never called. When he complained to the counselor, the counselor told him he would have to check on why Plaintiff had not yet been seen. *Id.*

After the attack, Schurts turned the water supply to Plaintiff's cell off. *Id.* Plaintiff was unable to flush the toilet for 3 days and was forced to inhale the smell of his urine and feces, all while being subjected to extreme heat conditions in his cell. *Id.* Due to a boil water notice beginning June 24, 2016, Plaintiff was also denied drinking water and ice for five days, resulting in his becoming dehydrated, particularly due to the excessive heat conditions. *Id.* Plaintiff has requested monetary relief from each of the defendants. (Doc. 1, p. 7).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Defendants used excessive force against Plaintiff on June 24, 2016 in violation of the Eighth Amendment.

  **Count 2 –**   Defendants showed deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment by refusing to arrange for treatment of the injuries he sustained when they attacked him.

  **Count 3 –**   Schurts subjected Plaintiff to unconstitutional conditions of confinement in violation of the Eighth Amendment by turning off his cell's water supply, resulting in his dehydration and his being forced to endure the smell of human waste for three days in extremely high temperatures.

### Count 1

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Given the factual allegations in the Complaint, Plaintiff has adequately pled an excessive force claim against the defendants. Count 1 will therefore be allowed to proceed.

### Count 2

Although the defendants are not medical providers, the Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). Thus, defendants who perpetrate an assault and prevent a plaintiff from receiving immediate

medical attention for his injuries, may be found liable for deliberate indifference to a plaintiff's need for medical care. At this stage, it cannot be determined whether the actions of the defendants resulted in Plaintiff being denied medical care or otherwise constituted deliberate indifference to Plaintiff's serious medical needs. However, Plaintiff's allegations, taken as true, would suggest that they did. Therefore, Plaintiff's claim against defendants in Count 2 will proceed.

### Count 3

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Unsanitary conditions similar to those described by Plaintiff have been found to state a claim under the Eighth Amendment. *See Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (summary judgment improper where inmate alleged he lived with "filth, leaking and inadequate plumbing, roaches, rodents, the constant smell of human waste, . . . [and] unfit water to drink[.]"); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls); *see also, DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (thirty-six hours with no working toilet, flooded cell and exposure to human waste as well as the odor of accumulated urine, stated Eighth Amendment claim).

Here, Plaintiff describes ongoing exposure to his own human waste in his cell for over three days due to a lack of running water, being subjected to the constant odor of urine and feces because the toilet would not flush, being without access to drinking water for 5 days due to a boil order, and being confined in an extremely hot cell throughout this time. These unsanitary and hazardous conditions meet the objective component of a constitutional violation.

As to the subjective component, Plaintiff's Complaint suggests that Schurts was not only aware of the conditions in the prison, but also caused some of them by intentionally shutting off the water to Plaintiff's cell. Count 3 will therefore proceed against Schurts.

### Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3) which is hereby **REFERRED** to United States Magistrate Judge Reona J. Daly.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1** and **2** shall **PROCEED** against **SMITH, SCRO, SCHURTS, JOHN DOE 1,** and **JOHN DOE 2**.

**IT IS FURTHER ORDERED** that **COUNT 3** will **PROCEED** against **SCHURTS**. This count is considered **DISMISSED** without prejudice against **SMITH, SCRO, JOHN DOE 1,** and **JOHN DOE 2** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that as to **COUNTS 1**, **2**, and **3**, the Clerk of Court shall prepare for **SMITH**, **SCRO**, and **SCHURTS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date

the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon each defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings, including a decision on Plaintiff's Motion

for Recruitment of Counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED:**  3/6/2017

s/Staci M. Yandle
**U.S. District Judge**
